**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.

JAMES ALDERMAN, *on behalf of*
*himself and all others similarly situated*,

      Plaintiff,

v.

GENPACT SERVICES, LLC,
*a Delaware Limited Liability Company,*

      Defendant.

_____/

## CLASS ACTION COMPLAINT

1.      Plaintiff, James Alderman, alleges violations of the *Fair Debt Collection Practices Act*, *15 U.S.C. §1692 et seq.* ("*FDCPA*").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under *28 U.S.C. §1331*, and *15 U.S.C. §1692k*. Venue in this District is proper because Plaintiff resides here and Defendant conducts business in this District.

## PARTIES

3.      Plaintiff, James Alderman ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Indian River County, Florida.

4.      Defendant, Genpact Services LLC ("Defendant"), is a Delaware Limited Liability Company engaged in the business of collecting consumer debts, which operates from offices located at 42 Old Ridgebury Road, Danbury, Connecticut 06810.

1

5.      Defendant regularly uses the United States Postal Service and telephone in the collection of consumer debt.

6.      Defendant is licensed in the State of Florida as a consumer collection agency, license number CCA0900507.

7.       Defendant regularly collects or attempts to collect debts for other parties. Defendant is a "debt collector" as defined in the *FDCPA*.

8.      At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## **FACTUAL ALLEGATIONS**

9.      Defendant sought to collect from Plaintiff an alleged debt incurred by Plaintiff for personal, family, or household purposes; more specifically, the debt at issue was a delinquent credit card debt.

10.     In the month of April 2016, Defendant left three (3) telephone messages on Plaintiff's phone.  Phone number xxx-xxx-9902.

11.     The first telephone message stated: "Hi this message is for James Alderman my name is Justin from Genpact Services uh uh please call me back 877-843-7934 thank you for your time, take care, you have a good day."

12.     The second telephone message stated: "Message for James Alderman, Steven calling from Genpact Services with a call back number as 877-843-7934, thank you."

13.     The third telephone message stated: "This is a message for James Alderman my name is Tom Carol and I'm calling from Genpact Services give us a call back at 877-843-7934 thank you and have a nice day bye bye thank you."

14.     None of the messages identified that the call was from a debt collector.

2

15.     *15 U.S.C § 1692e(11)* states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

xxxx

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, **and the failure to disclose in subsequent communications that the communication is from a debt collector**, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

(emphasis added)

16.     *15 U.S.C. § 1692d(6)* states:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

xxxx

(6) Except as provided in section *1692b* of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

17.     Defendant's phone messages falsely and misleadingly omit that the message is from a debt collector in violation of *15 U.S.C. § 1692e.*

18.     Defendant's phone messages fail to provide meaningful disclosure of its identity in violation of *15 U.S.C. § 1692d(6).*

19.     Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon it by the *FDCPA* would fail as a matter of law.

3

## CLASS ACTION ALLEGATIONS

20.      This action is brought on behalf of a Class consisting of (i) all persons located in Florida (ii) for whom Genpact Services, LLC, left, or caused to be left, a voice message, (iii) in connection with the collection of a consumer debt, (iv) that failed to state that Genpact Services, LLC was a debt collector (vi) during the one-year period prior to the filing of the original Complaint in this action through the date of certification.

21.      Plaintiff alleges on information and belief based upon the Defendant's practice of leaving or causing to be left, voice messages that fail to state that Genpact Services, LLC was a debt collector, left as voice messages for the Class, that the Class is so numerous that joinder of all members of the Class is impractical.

22.      There are questions of law or fact common to the Class, common issues predominate over any issues involving only individual Class members. The factual issue common to each Class member is that each was left or caused to be left a voice message by Defendant, that failed to state that Genpact Services, LLC was a debt collector.  The common principal legal issue is whether Defendant's omission in its voice messages that it left or caused to be left, that Genpact Services, LLC was a debt collector violated the *FDCPA*.

23.      Plaintiff's claim is typical of those of the Class members.  All are based on the same facts and legal theories.

24.      Plaintiff will fairly and adequately protect the interests of the Class.  He has retained counsel experienced in handling actions involving unlawful practices under the *FDCPA* and Class actions. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

4

25.     Certification of the Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* is also appropriate in that:

> (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.
>
> (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

26.     Plaintiff requests certification of a Class under *Rule 23(b)(3),* of the *Federal Rules of Civil Procedure*, for monetary damages; his appointment as Class Representative; and that his attorney Leo W. Desmond be appointed Class Counsel.

## COUNT I

### VIOLATION OF *15 U.S.C. § 1692e(11)*

27.     Plaintiff re-alleges Paragraphs 1 through 19.

28.     *15 U.S.C. § 1692e(11)* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, **and the failure to disclose in subsequent communications that the communication is from a debt collector**, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.
>
> (emphasis added)

29.     Defendant left three voice messages on Plaintiff's phone in an attempt to collect a consumer debt.

5

30.     Each voice message falsely and misleadingly omitted that the call was from a debt collector.

31.     Defendant's failure to identify in the voice messages that it left on Plaintiff's phone that it was a debt collector is a violation of *15 U.S.C. § 1692e.*

32.     Defendant's voice message would be confusing and misleading to the least sophisticated consumer with regard to his/her legal rights.

33.     As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k.*

34.     As a result of Defendant's conduct, Plaintiff and the Class entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k.*

## COUNT II

## VIOLATION OF *15 U.S.C. § 1692d(6)*

35.     Plaintiff re-alleges Paragraphs 1 through 19 and 28 through 32.

36.     *15 U.S.C. § 1692d(6)* states:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.   Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (6) Except as provided in section *1692b* of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

37.     Defendant placed at least three telephone calls to Plaintiff and left three voice messages on Plaintiff's phone in an attempt to collect a consumer debt.

6

38.    Each voice message did not provide meaningful disclosure of the caller's identity, i.e., that the call is from a debt collector.

39.    Defendant's failure to provide meaningful disclosure of its identity in its voice messages it left on Plaintiff's phone is a violation of *15 U.S.C. § 1692d(6)*.

40.    As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

41.    As a result of Defendant's conduct, Plaintiff and the Class entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in his favor against Defendant for:

a.    An Order certifying this matter as a Class action and appointment of James Alderman as Class Representative as to all claims against Defendant;

b.    An Order appointing Leo W. Desmond as Class Counsel;

c.    An award of statutory damages for Plaintiff and the Class pursuant to *15 U.S.C. §1692k* for all Class claims;

d.    An award of attorney's fees, litigation expenses and costs of the instant suit; and

e.    Such other or further relief as the Court deems proper.

Dated: November 28, 2016.

Respectfully submitted,

DESMOND LAW FIRM, P.C.

/s/ Leo W. Desmond
LEO W. DESMOND, ESQ.
Florida Bar No. 0041920
5070 Highway A1A

7

Suite D
Vero Beach, FL  32963
Telephone: 772-231-9600
Facsimile:   772-231-0300
lwd@verobeachlegal.com

/s/ Sovathary K. Jacobson
SOVATHARY K. JACOBSON, ESQ.
Florida Bar No. 102200
5070 Highway A1A
Suite D
Vero Beach, FL  32963
Telephone: 772-231-9600
Facsimile:   772-231-0300
jacobson@verobeachlegal.com
*Attorneys for Plaintiff*

8